**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHENG BING HUANG, | No.    14-71777 |
| Petitioner, | Agency No. A087-877-973 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2019**
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Sheng Bing Huang petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's

decision denying his applications for asylum and withholding of removal.  We

have jurisdiction under 8 U.S.C. § 1252 and we grant the petition.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Here, the BIA found that Huang failed to establish past persecution, a determination we review for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). The BIA's determination that an applicant is not eligible for asylum "can be reversed only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* at 481 & n.1 (noting that "[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it").

"An applicant alleging past persecution . . . [must] establish[] that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Here, the BIA confined its holding to only the first prong and explicitly found it "unnecessary" to reach either the IJ's finding that Huang was not credible or the issue of whether Huang's conduct amounted to "other resistance to a coercive population control program" sufficient to qualify his experiences as being "on account of political opinion." *See* 8 U.S.C. § 1101(a)(42). Thus, the only issue we are permitted to consider is whether the evidence compels a conclusion that Huang's experiences rise to the level of past persecution. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th

Cir. 2000) (explaining that we may only review the BIA's explicit reasoning and "cannot affirm the BIA on a ground upon which it did not rely").

We conclude that substantial evidence compels the conclusion that Huang's experiences amounted to past persecution because Huang was beaten, imprisoned, and fined in connection with the forced abortion of Huang's wife. *See Guo v. Sessions*, 897 F.3d 1208, 1213–17 (9th Cir. 2018); *Quan v. Gonzales*, 428 F.3d 883, 888–89 (9th Cir. 2005).

Because we reverse the BIA's conclusion that Huang's treatment did not rise to the level of persecution, we remand to the BIA to further address Huang's eligibility for asylum and withholding of removal.

The petition for review is **GRANTED.**